Julie Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMANDA COPANS, individually and on behalf of other similarly situated individuals,

Plaintiff,

vs.

SUTTER HEALTH, and WELLTOK, INC.

Defendants.

Case No.:

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Complaint for:

1. Negligence
2. Violation of the California Consumer Privacy Act (Cal. Civ. Code § 1798.150)
3. Violation of the Customer Records Act (Cal. Civ. Code § 1798.82)
4. Violation of the Confidentiality of Medical Information Act (Cal. Civ. Code §§ 56, *et seq.*)
5. Violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)
6. Violation of the California Constitution's Right to Privacy (Cal. Const., art I, § 1)
7. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

Plaintiff AMANDA COPANS ("Plaintiff"), on behalf of herself and others similarly situated ("the Class"), brings this action against Defendants SUTTER HEALTH ("Sutter") and WELLTOK, INC. ("WellTok") (collectively, "Defendants") for actual damages suffered by Plaintiff and the Class, statutory damages, penalties, restitution, injunctive relief, and for other recovery specified herein for harm caused by Defendants' negligent conduct, and violations of the California Consumer Privacy Act, California Customer Records Act, California Confidentiality of Medical Information Act, California Consumers Legal Remedies Act, the California Constitution's right to privacy, and the California Unfair Competition Law. Plaintiff alleges upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTION

1. Data security has taken center stage as global losses from cybercrime exceed $1 trillion annually. The global pandemic has only made consumers and organizations more vulnerable to cyber attacks and increased the importance of strong safeguards against cybercriminals.

2. Because of the highly sensitive nature of the data maintained in their care, healthcare institutions are leading targets for cyber attacks. The rapid growth of electronic medical recordkeeping, online medical services, and mobile medical apps has created new pressure points for criminals to exploit. IBM Research shows the healthcare industry has been the hardest hit by cybercrime for twelve consecutive years.

3. Responsible institutions have reacted by implementing better training practices, increasing their security workforces, and increasing investment in new and more secure technologies.

4. Sutter is a multi-billion-dollar integrated system of hospitals, surgical centers, and other providers operating primarily in California. Patients entrust it with their most personal information—their healthcare data. Such data can include past medical procedures, chronic health issues, or catastrophic diagnoses. Because of its highly sensitive nature, this information is protected by vanguard legislation in states like California, where statutes specifically protect patients' personal medical information.

5. WellTok is a software-as-a-service, or "SaaS" company offering "the healthcare industry's leading consumer activation platform." It provided Sutter with a platform for patient communications, including the highly sensitive information Sutter treaters and its patients shared with one another.

6. In May 2023, and perhaps even earlier, unauthorized users accessed Sutter patient files. Upon accessing the files, these unauthorized users obtained patients' sensitive personal medical information. The total number of patients affected is not less than 500, but the precise number is still unknown.

7. Rather than alerting patients of the breach right away as required under state law, Sutter and WellTok took months to fully investigate and reveal the extent of the breach, only notifying patients in November 2023. The delay caused further harm, allowing the hackers more time to exploit the information.

## FACTUAL ALLEGATIONS

8. The Sutter system is an "integrated network" of hospitals and healthcare facilities operating primarily in Northern California.

9. Sutter was incorporated in California in September 1981. In 1996, Sutter acquired the California Healthcare System, an affiliated hospital group including California Pacific Medical Center in San Francisco, Mills-Peninsula Hospital in San Mateo, and Alta-Bates Hospital in Berkeley. Sutter is now the largest and most dominant healthcare provider in Northern California.

10. According to its own website, it has a chain of 24 separately licensed hospitals; physicians' organizations with more than 5,000 members; medical research facilities; region-wide home health, hospice, and occupational health networks; and long-term care centers. In 2022, the system reported over $14.8 billion in total revenue.

11. The company positions itself as "among America's most innovative companies" and, according to its website, the system is "leading the way" in the digital healthcare innovation. According to Sutter's senior vice president and chief digital officer, "Digital innovation is

propelling healthcare into the future, and integrated systems like Sutter Health are leading the way."


Sutter Health
Patients and Visitors | Treatments and Services | Research and Education | About Sutter | BOOK APPOINTMENT
/ About Us / Innovation at Sutter Health

Innovation at Sutter Health

As a not-for-profit, our view of innovation might differ from others. Because we care deeply about people and communities, our team has an inner drive — a pioneering spirit — to transform care quality and access for the better. We believe healthcare should be more compassionate, easier to understand, and more accessible and affordable to all. We must innovate to fulfill these promises.

Imagination, analysis and empathy actively fuel our drive to find solutions and improve. We move fast. And we create and try new concepts often.

We also look at innovation holistically — it's more than the latest gadget or technology. We're interested in how innovation can improve a person's experience in the doctor's office or the health of an entire community.

Stats and Facts

Innovation occurs across our network. We innovate through:

- Community Partnerships
- Advanced Technologies
- Care on Your Terms
- Research
- Operational Performance

12. When Sutter providers treat patients, the patients provide Sutter with highly sensitive medical information, such as their medical history, current conditions, medications, and specimen material, such as blood samples or cell swabs. Patients additionally grant Sutter access to sensitive personal information, including but not limited to their name, social security number, date of birth, mailing address, and telephone number.

13. Sutter is required under federal law to maintain patient data in strict confidence. Under the Health Insurance Portability and Accountability Act ("HIPAA") Security Management Process Standard (45 C.F.R. § 164.308), Sutter is required to "implement policies and procedures to prevent, detect, contain, and correct security violations;" and "implement a security awareness and training program for all members of its workforce;" among other things.

14. Additionally, state laws require Sutter to keep their electronic networks and databases that contain patient data secure and to send prompt and appropriate notifications when a breach occurs. Under California law, Defendants are required to "implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the

personal information from unauthorized access, destruction, use, modification, or disclosure" (Cal. Civ. Code § 1798.81.5); and to "disclose a breach of the security of the system following discovery or notification of the breach … in the most expedient time possible" (Cal. Civ. Code § 1798.82). These laws apply to Sutter as it operates in California and as it holds a license from the California Department of Public Health to perform clinical work concerning California residents.

15. Sutter holds itself out as highly diligent in safeguarding its customers' private information. Sutter's Privacy Policy claims:

> Protecting your information is a top priority at Sutter. In addition to applying confidentiality policies that govern access and use of information by Sutter clinicians and staff, we have implemented physical, administrative, and technical security features and methods designed to safeguard your data in our information systems, including the use of, as appropriate, encryption, firewalls, monitoring, access controls, and other controls where appropriate. … If we ever learn of a breach of your information, then we will notify you in accordance with applicable law.

16. According to other claims on Sutter's website:

> Federal and state laws require Sutter Health to protect your health information.
>
> …
>
> We are required by law to maintain the privacy and security of your protected health information.
>
> We will let you know promptly if a breach occurs that may have compromised the privacy or security of your information.
>
> (Sutter "HIPAA and Privacy Practices" webpage.)

17. While long on promises, Sutter fell tragically short of patient privacy expectations in practice. It hired contractors, including Defendant WellTok, to maintain its patients' most sensitive information. WellTok used systems that lacked simple and almost universal security measures used by healthcare companies, such as data storage in secure, offline locations; up to date software using standard security patches; anti-virus applications that block malicious code from external sources; and policies requiring all workers with system access to use https protocols when using online tools.

18. WellTok's failure to use these and other industry-standard security measures and Sutter's willingness to contract with WellTok despite these sub-standard data protection policies and

procedures needlessly exposed patients whose data was stored with Sutter to the risk of data theft.

19. On or before May 30, 2023, WellTok used a file transfer software called MOVEit, made by Progress Software. The system had a vulnerability that allowed attackers unauthorized access to Sutter patients' unencrypted data. If Sutter had been using or requiring WellTok to use the confidentiality policies, encryption, firewalls, monitoring, access controls, and other controls it advertised, it would have detected and eliminated the flaw. Instead, on or before May 30, 2023, an unauthorized user gained access to the WellTok platform and accessed files of at least 500 Sutter patients' personal medical information. Because of this negligent and illegal conduct, patients' data is now for sale on the dark web.

20. Sutter and WellTok neglected to inform Sutter's patients of their security failure and the unauthorized theft of their personal medical information for months. The first public acknowledgement of the breach was in letters patients received in November 2023. The letters notified them that their information was released in the hack were received over 150 days after the first sign of the attack.

21. When patients finally learned of the exfiltration of their medical files, they were outraged. Their most sensitive information had been for sale to the highest bidder in a criminal auction for more than 5 months. As a result, the patients experienced and continue to experience anxiety, stress, and anger.

22. Patients have incurred and will continue to incur expenses trying to mitigate their harm. Identity theft protection and credit monitoring services cost consumers as much as $30 per month. Tracking down and containing hacked medical information is even more costly, requiring the use of private investigators and data security professionals. Studies by the National Institute of Standards and Technology show hackers often steal data and then hold it for future use years, or even decades later. Thus, the victims of the Sutter data breach will require ongoing protections.

23. In addition, patients have spent substantial amounts of their time attempting to remedy the losses and securing their information and assets from further losses consequent to the breach.

## JURISDICTION AND VENUE

24. This action is brought as a class action for common law negligence and under the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code § 1798.150), Customer Records Act ("CRA") (Cal. Civ. Code § 1798.82), the Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code §§ 56, *et seq*.), the Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750, *et seq*.), the California Constitution's right to privacy (Cal. Const., art. I, § 1), and the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq*.) for monetary and equitable relief due to Defendants' negligent, unlawful, and unfair conduct. This court also has original jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the Parties' citizenship and pursuant to 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act of 2005 ("CAFA").

25. This Court has personal jurisdiction over Defendants because Defendants and their affiliates do business in the state of California and the claims asserted herein arise from conduct occurring in California.

26. Venue is proper in this Court because, *inter alia*, Defendants engage and perform business activities in and throughout Sacramento County. Many of the acts committed by Defendants complained of herein occurred in this judicial district.

## THE PARTIES

27. Plaintiff COPANS is, and at all relevant times was, a resident of the state of California. Plaintiff COPANS was a patient at Sutter and she provided it with her Personal Identifiable Information ("PII"), including her highly sensitive personal medical and financial information. She learned of the May 2023 data breach in November 2023 from a letter dated October 31, 2023. Plaintiff COPANS relied on and expected Sutter to take reasonable care with the information she provided it so that she could use its services and, based on this reliance and expectation, allowed Sutter to access and hold her personal medical and financial information. As early as May 2023, and possibly sooner, Sutter negligently and illegally allowed a third-party access to Plaintiff COPANS's PII. Because of this negligent and illegal conduct, Plaintiff COPANS will incur substantial monetary and non-monetary losses, including the cost of

mitigating the harm caused by the loss of privacy, the cost of identity theft protection and credit monitoring services, and stress, anxiety, and outrage associated with the release of her most personal information. Plaintiff COPANS has since spent hours of her own time attempting to research and remedy the loss and securing her assets and information.

28. Defendant Sutter is a non-profit corporation, organized and existing under the laws of the State of California, with its principal place of business located in Sacramento, California. It collects and maintains the personal medical information of individuals who submit to treatment in its facilities, which are primarily located in California. Sutter obtained and contracted for the storage of the personal medical information released in the May 2023 breach.

29. Defendant WellTok is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business located in Denver, Colorado. It stores and analyzes the personal medical information of individuals provided to it from its customers, which include Sutter. It was in possession of the personal information of Plaintiff and the Class at the time of the released in May 2023.

30. At all relevant times, all Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs, unless otherwise indicated.

31. At all relevant times, the unlawful conduct against Plaintiff and Class members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Defendants. At all relevant times, upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Defendants and committed under actual or apparent authority granted by Defendants such that all of the aforementioned unlawful conduct is legally attributable to Defendants.

## CLASS ALLEGATIONS

32. Plaintiff brings this action to seek equitable non-monetary and monetary relief as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and the following Class:

> All persons whose personal information was released in the May 2023 Sutter Health data breach.

33. Plaintiff reserves the right to amend the Class definition if discovery or further investigation demonstrate that it should be expanded or otherwise modified.

34. The members of the Class are so numerous that joinder of all members would be impracticable.

35. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

36. Whether Defendants' sub-standard security protocols resulted in a breach of their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of patients' sensitive personal medical information and to protect that information;

37. Whether Defendants' sub-standard security protocols resulted in a violation of an implied contractual obligation to safeguard the Class's sensitive personal medical information;

38. Whether Defendants' conduct violated California's consumer protection and privacy laws; and

39. Whether, because of Defendants' misconduct, Plaintiff and the Class are entitled to compensatory damages, restitution, penalties, and equitable relief, and, if so, the amount and nature of such relief.

40. Plaintiff's claims are typical of the claims of the Class. Plaintiff has no interests antagonistic to those of the Class and is not subject to any unique defenses.

41. Plaintiff will fairly and adequately protect the interests of the Class and has retained attorneys experienced in class action and complex litigation.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons:

a. It is economically impractical for members of the Class to prosecute individual actions;

b. The Class is readily ascertainable and definable;

c. Prosecution as a class action will eliminate the possibility of repetitious litigation.

d. A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions.

43. Plaintiff does not anticipate any difficulty in the management of this litigation.

## CAUSES OF ACTION

### First Cause of Action

### Negligence

44. Plaintiff incorporates the above allegations as if set forth fully herein.

45. The Defendants owed a duty of reasonable care to Plaintiff and the Class based upon Defendants' relationship to Plaintiff and the Class as providers of medical services; based upon custom and practice in the healthcare industry; based upon Defendants' right to control information in their possession, exercise of control over the information in their possession, authority to control the information in their possession, and the commission of affirmative acts that resulted in the harms and losses alleged herein. Additionally, Defendants' duty is based on the requirements of California Civil Code section 1714 requiring all "persons," including Defendants, to act in a reasonable manner toward others. Additionally, the duty is based on the specific statutory duties imposed on Defendants under California Civil Code sections 56 and 1798.80, *et seq.*, as healthcare institutions and businesses operating in the State of California that own or license computerized data and maintain their customers' personal information. The duty is further based on the specific statutory duties imposed on Defendants under California Civil Code sections 1798.100, *et seq.*, as businesses operating in the State of California that have annual operating revenue above $25 million.

46. Defendants breached their duty by negligently and recklessly collecting, maintaining, and controlling the Class's sensitive personal medical information and designing, maintaining, and controlling systems that exposed the Class's sensitive personal medical information, of which Defendants had control and possession, to the risk of exposure, and actual exposure, to unauthorized persons.

47. Defendants further committed *per se* breaches of duty by negligently violating the dictates of California Civil Code sections 56; 1798.82, *et seq*.; and 1798.100, *et seq*.; and the provisions of the California Constitution enshrining the right to privacy, by failing to inform Plaintiff and the Class of the access to their sensitive personal medical information by

unauthorized persons expeditiously and without delay and failing to adequately safeguard this information from unauthorized access. The provisions of the California Civil Code and the California Constitution that Defendants violated were enacted to protect the class of plaintiffs involved here from the type of injury that incurred, namely their right to privacy and the protection of their personal data. Plaintiff and the Class were within the class of persons and consumers who were intended to be protected by California Civil Code sections 56, 1798.82, *et seq*.; 1798.100, *et seq*., and the California Constitution.

48. As a direct consequence of the actions identified above, and the breaches of duties indicated thereby, unauthorized users gained access to, exfiltrated, stole, and gained disclosure of the sensitive personal medical information of Plaintiff and the Class, causing them harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, anxiety, stress, outrage, and privacy injuries associated with having their sensitive personal medical information disclosed.

**<u>Second Cause of Action</u>**

**Violation of the California Consumer Privacy Act**

**(Cal. Civ. Code § 1798.150)**

49. Plaintiff incorporates the above allegations as if set forth fully herein.

50. At all relevant times, Defendants were "businesses" under the terms of the CCPA as sole proprietorships, partnerships, limited liability companies, corporations, associations, or other legal entities operating in the State of California that collect consumers' personal information, and that have annual operating revenue above $25 million.

51. At all relevant times, Plaintiff and the Class were "consumers" under the terms of the CCPA as natural persons as defined in Section 17014 of Title 18 of the California Code of Regulations.

52. By the acts described above, Defendants violated the CCPA by negligently and recklessly collecting, maintaining, and controlling their customers' sensitive personal medical information

and by designing, maintaining, and controlling systems that exposed their customers' sensitive personal medical information of which Defendants had control and possession to the risk of exposure to unauthorized persons, thereby violating their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information. Defendants allowed unauthorized users to view, use, manipulate, exfiltrate, and steal the nonencrypted and nonredacted personal information of Plaintiff and other customers, including their personal medical information.

53. Plaintiff has complied with the requirements of California Civil Code section 1798.150(b)[1] and attach herewith as Exhibit 1 a true and correct copy of the letter of November 9, 2023, providing Defendants with written notice of the specific provisions of the CCPA Plaintiff alleges have been violated via certified mail.

54. As a result of Defendants' violations, Plaintiff and the Class are entitled to all actual and compensatory damages according to proof or statutory damages allowable under the CCPA, whichever are higher, and to such other and further relief as this Court may deem just and proper.

**<u>Third Cause of Action</u>**

**Violation of the Customer Records Act**

**(Cal. Civ. Code § 1798.82)**

55. Plaintiff incorporates the above allegations as if set forth fully herein.

56. At all relevant times, Defendants were "businesses" under the terms of the CRA as corporations or other groups operating in the State of California that owned or licensed computerized data that included the personal information of Plaintiff and the Class.

57. At all relevant times, Plaintiff and the Class were "customers" under the terms of the CRA as natural persons who provided personal information to Defendants for the purpose of purchasing or leasing a product or obtaining a service from Defendants.

---

[1] Plaintiff presently seeks only individual relief under the CCPA and, upon the expiration of time prescribed by Civil Code section 1798.150(b), will amend this complaint to confirm the Defendants have declined or failed to cure the noticed violations.

58. By the acts described above, Defendants violated the CRA by allowing unauthorized access to customers' personal medical information and then failing to inform them when the unauthorized use occurred for weeks or months, and in the case of Plaintiff, for 159 days, thereby failing in their duty to inform their customers of unauthorized access expeditiously and without delay.

59. As a direct consequence of the actions as identified above, Plaintiff and the Class incurred additional losses and suffered further harm to their privacy, including but not limited to economic loss, the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal medical information disclosed, and related losses and injuries that they would not have otherwise incurred had Defendants immediately informed them of the unauthorized use.

60. As a result of Defendants' violations, Plaintiff and the Class are entitled to all actual and compensatory damages according to proof, to non-economic injunctive relief allowable under the CRA, and to such other and further relief as this Court may deem just and proper.

## <u>Fourth Cause of Action</u>

**Violation of the California Confidentiality of Medical Information Act**

**(Cal. Civ. Code § 56, *et seq*.)**

61. Plaintiff incorporates the above allegations as if set forth fully herein.

62. At all relevant times, Defendants were subject to the CMIA as Defendants were "providers of health care" under the terms of the CMIA. Defendants were businesses organized to maintain and make available medical information for the diagnosis and treatment of medical patients; businesses offering software, including mobile applications, designed to maintain medical information in order to make information available to patients or providers of health care for purposes of diagnosis, treatment, or management of a medical condition; persons or entities engaged in the art and science of medicine and to such other arts and sciences as may be included within the field of medicine; persons or entities engaged in clinical laboratory practice

and sciences; and persons or entities that operated organized outpatient health facilities providing direct medical services or diagnostic services to patients. Alternatively, Defendants were subject to the CMIA as Defendants were “contractors” under the terms of the CMIA as persons or entities providing contract services to providers of health care or that were part of a medical service group or organization.

63. At all relevant times, Plaintiff and the Class were “patients” under the terms of the CMIA natural persons who received health care services from a provider of health care and to whom medical information pertains.

64. Defendants were in possession of Plaintiff and the Class’s “medical information,” as defined by the CMIA, including individually identifiable information derived from providers of health care or contractors regarding Plaintiff and the Class’s medical history, physical condition, or treatment.

65. Defendants violated the CMIA by disclosing medical information regarding Plaintiff and the Class without first obtaining authorization; by negligently maintaining the confidential medical information of Plaintiff and the Class; by creating, maintaining, preserving, or storing the medical information of Plaintiff and the Class in a manner that failed to preserve the confidentiality of the information; and by creating, maintaining, or operating an electronic health record system or electronic medical record system that failed to protect and preserve the integrity of electronic medical information of Plaintiff and the Class.

66. Defendant’s negligence allowed the medical information of Plaintiff and the Class to be accessed by unauthorized third persons and permitted it to escape or spread from its normal place of storage, and therefore negligently released the information within the meaning of CMIA, at which time the medical information was viewed by unauthorized persons.

67. As a result of Defendants’ violations, Plaintiff and the Class are entitled to all actual and compensatory damages according to proof or statutory damages allowable under the CMIA, whichever are higher, to punitive damages, to attorneys’ fees and costs of litigation, and to such other and further relief as this Court may deem just and proper.

**<u>Fifth Cause of Action</u>**

**Violation of the Consumers Legal Remedies Act**

**(Cal. Civ. Code §§ 1750, *et seq*.)**

68. Plaintiff incorporates the above allegations as if set forth fully herein.

69. At all relevant times, Plaintiff and the Class were "consumers" as under the terms of the CLRA as individuals seeking or acquiring, by purchase or lease, goods or services for personal, family, or household purposes.

70. At all relevant times, Defendants' actions and conduct constituted transactions for the sale or lease of goods or services to consumers under the terms of the CLRA. The medical treatment and affiliated services offered and sold by Defendants constitute "services" under the CLRA.

71. By the acts described above, Defendants violated California Civil Code section 1770(a)(5), by the use of untrue or misleading statements and omissions and representing that goods and services had characteristics or benefits they do not have.

72. By the acts described above, Defendants violated California Civil Code section 1770(a)(14), by representing that Sutter maintained the highest level of data security and a promise to personal medical safeguard information from unauthorized use when Defendants knew such rights were not conferred.

73. Defendants knew, or should have known, that their representations and advertisements about the nature of their data security and promise to fully reimburse funds lost due to unauthorized use were false or misleading and were likely to deceive a reasonable consumer. No reasonable consumer would use Defendants' products or engage Defendants' services if they knew Defendants were not taking reasonable measures to safeguard their personal medical information or if they knew Defendants would not make good on their promise to fully reimburse funds lost due to unauthorized use.

74. Plaintiff has complied with the requirements of California Civil Code section 1782 and attaches herewith as Exhibit 2 a true and correct copy of his letter of November 9, 2023,

providing Defendants with written notice of the specific provisions of the CLRA Plaintiff alleges have been violated via certified mail.[2]

75. Defendants generated revenue by way of Plaintiff and the Class paying or providing access to medical insurance payments when entering transactions with Defendants where Defendants were the direct beneficiaries of these payments. Defendants' services were of lesser quality and value than Defendants represented in that Defendant did not take reasonable measures to safeguard customers' personal medical information. In reliance on Defendants' misrepresentations about its products and services, Plaintiff and the Class entered transactions with Defendants that they would not have, or for which Plaintiff and the Class would have paid less but for Defendants' representations.

76. As a direct and proximate consequence of the actions as identified above, Plaintiff and the Class suffered injury in fact, harms, and losses including but not limited to economic loss, the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal medical information disclosed.

77. Defendants' conduct described herein was malicious, fraudulent, and wanton in that Defendants intentionally and knowingly provided misleading information to Plaintiff and the Class and refused to remedy the breach of their system long after learning of the inadequacy of their data protection measures and the unauthorized use of customers' accounts.

78. As a result of Defendants' violations, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement. Plaintiff also seeks public injunctive relief as provided for under California Civil

---

[2] Pursuant to Civil Code section 1782(d), Plaintiff presently seeks only injunctive relief under the CLRA and, upon the expiration of time prescribed by Civil Code section 1782, will amend this complaint to provide the declaration required under California Civil Code section 1780(d) and to confirm the Defendants have declined or failed to correct, repair, replace, or otherwise rectify their violation and to add claims for actual, punitive, and statutory damages, as appropriate.

Code section 1750, in addition to reasonable attorneys' fees and costs pursuant to California Civil Code section 1780(e), and such other and further relief as this Court may deem just and proper.

**Sixth Cause of Action**

**Violation of California Constitution's Right to Privacy**

**(Cal. Const., art I, § 1)**

79. Plaintiff incorporates the above allegations as if set forth fully herein.

80. The California Constitution provides:

> "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." (Cal. Const., art. I, § 1.)

81. Plaintiff and the Class had a legally recognized and protected privacy interest in the personal medical information provided to and obtained by Defendants, including but not limited to an interest in precluding the dissemination or misuse of this sensitive and confidential information and the misuse of this information for malicious purposes such as the theft of funds and property.

82. Plaintiff and the Class reasonably expected Defendants would prevent the unauthorized viewing, use, manipulation, exfiltration, theft, and disclosure of their personal medical information and the unauthorized use of their accounts.

83. Defendants' conduct described herein resulted in a serious invasion of the privacy of Plaintiff and the Class, as the release of personal medical information, including but not limited to names, social security numbers, dates of lab testing service, and lab testing results could highly offend a reasonable individual.

84. As a direct consequence of the actions as identified above, Plaintiff and the Class suffered harms and losses including but not limited to economic loss, the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need

for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal medical information disclosed.

## <u>Seventh Cause of Action</u>

## Violation of the Unfair Competition Law

## (Cal. Bus. & Prof. Code §§ 17200, *et seq*.)

85. Plaintiff incorporates the above allegations as if set forth fully herein.

86. By engaging in the above-described unfair business acts and practices, Defendants committed and continue to commit one or more acts of unlawful and unfair conduct within the meaning of the UCL. These acts and practices constitute a continuing and ongoing unlawful business activity defined by the UCL, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to the UCL.

87. Defendants' acts and practices constitute a continuing and ongoing unlawful business activity defined by the UCL. Defendants failed and continue to fail to implement and maintain reasonable security procedures and practices appropriate to protect the personal information; failed and continue to fail to inform their customers of unauthorized access expeditiously and without delay; and made and continue to make misrepresentations to customers regarding the nature and quality of their data protection, all in violation of, *inter alia*, the following California laws:

a. California Civil Code section 1798.150(a);
b. California Civil Code section 1798.82(a);
c. California Civil Code section 56.36;
d. California Civil Code section 56.101;
e. California Civil Code section 1770(a)(5);
f. California Civil Code section 1770(a)(14); and
g. California Constitution, article I, section 1.

88. Defendants' acts and practices constitute a continuing and ongoing unfair business activity defined by the UCL. Defendants' conduct is contrary to the public welfare as it transgresses civil statutes designed to protect individuals' constitutional and statutory right to

privacy, violates established public policy, and has been pursued to attain an unjustified monetary advantage for Defendants by creating personal disadvantage and hardship to their customers. As such, Defendants' business practices and acts have been immoral, unethical, oppressive and unscrupulous and has caused injury to customers far greater than any alleged countervailing benefit.

89. Defendants generated revenue by way of Plaintiff and the Class paying or generating medical insurance payments when entering transactions with Defendants where Defendants were the direct beneficiaries of these payments. Defendants' services were of lesser quality and value than Defendants represented in that Defendants did not take reasonable measures to safeguard customers' personal medical information. In reliance on Defendants' misrepresentations about its products and services, Plaintiff and the Class entered transactions with Defendants that they would not have, or for which Plaintiff and the Class would have paid less but for Defendants' representations.

90. As a direct and proximate consequence of the actions as identified above, Plaintiff and the Class suffered and continue to suffer harms and losses including but not limited to economic loss, the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal medical information disclosed.

91. Plaintiff seeks an order of this Court awarding restitution and injunctive relief and all other relief under the UCL, including interest and attorneys' fees pursuant to, *inter alia*, Code of Civil Procedure section 1021.5, and to such other and further relief as this Court may deem just and proper.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and the Class, prays for relief and judgment against Defendant as follows:

A. For an order certifying the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. For an order appointing Plaintiff and her counsel to represent the Class;

C. For an order enjoining Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf or in concert with them, from continuing to expose patient data to the threat of breach and disclosure and failing to inform all those exposed to the breach of their involvement;

D. For actual and compensatory damages according to proof pursuant to code and all other applicable laws and regulations;

E. For restitution to the extent permitted by applicable law;

F. For punitive damages pursuant to Civil Code section 3294(c)(3);

G. For pre-judgment and post-judgment interest;

H. For an award of attorneys' fees, costs, and expenses as authorized by applicable law; and

I. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, demand a trial by jury on all issues so triable.

Dated this November 10, 2023. Erickson Kramer Osborne, LLP

Julie Erickson
Elizabeth Kramer
Kevin Osborne
Attorneys for Plaintiff AMANDA COPANS

# Exhibit 1

ERICKSON KRAMER + OSBORNE

Mailing address: 44 Tehama St.
San Francisco, California 94105
Email: kevin@eko.law
Phone: 415-635-0631
Fax: 415-599-8088

November 9, 2023

***CERTIFIED MAIL***
***RETURN RECIEPT REQUIRED***

Sutter Health
2200 River Plaza Drive
Sacramento, CA 95833

*RE: Amanda Copans, Individually and on Behalf of all Others Similarly Situated*

To the above-listed recipient:

This letter shall constitute notice under California Civil Code section 1798.150 of the California Consumer Privacy Act ("CCPA") that Amanda Copans, individually and on behalf of all others similarly situated, demands that you remedy your violations of the CCPA within thirty (30) days from your receipt of this letter.

"All others similarly situated" is defined as follows:

> All individuals whose personal information was released in the May 2023 Sutter Health data breach.

It is the contention of Ms. Copans that you violated subsection (a)(1) of Civil Code section 1798.150, which reads as follows:

> Any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action for any of the following:
>
> (A) To recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater.
>
> (B) Injunctive or declaratory relief.
>
> (C) Any other relief the court deems proper.

Ms. Copans, whose personal medical information was disclosed consequent to unauthorized use your networks, individually and on behalf of all other similarly situated, hereby requests full compensation of all lost funds related to breaches of your platform in 2023, for lost time dedicated to the investigation of and attempt to recover the loss of information and cure harm to her privacy, and for the need for future expenses and time dedicated to the recovery and protection of further loss. These sums must be paid in full within thirty (30) days from the date of this correspondence.

Pursuant to the CCPA, if, within thirty (30) days from your receipt of the date of this correspondence, you actually cure the violation noticed herein and provide the Ms. Copans, through my firm, with an express written statement that the violations have been cured and that no further violations shall occur, no action for individual statutory damages or class-wide statutory damages may be initiated against you.

We solicit your prompt attention to this matter and thank you in advance for your anticipated cooperation.

Sincerely,

Kevin M. Osborne

ERICKSON KRAMER+ OSBORNE

Mailing address: 44 Tehama St.
San Francisco, California 94105
Email: kevin@eko.law
Phone: 415-635-0631
Fax: 415-599-8088

November 9, 2023

***CERTIFIED MAIL***
***RETURN RECIEPT REQUIRED***

WellTok, Inc.
3001 Brighton Blvd, Suite 743
Denver, Co 80216

*RE: Amanda Copans, Individually and on Behalf of all Others Similarly Situated*

To the above-listed recipient:

This letter shall constitute notice under California Civil Code section 1798.150 of the California Consumer Privacy Act ("CCPA") that Amanda Copans, individually and on behalf of all others similarly situated, demands that you remedy your violations of the CCPA within thirty (30) days from your receipt of this letter.

"All others similarly situated" is defined as follows:

> All individuals whose personal information was released in the May 2023 Sutter Health data breach.

It is the contention of Ms. Copans that you violated subsection (a)(1) of Civil Code section 1798.150, which reads as follows:

> Any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action for any of the following:
>
> (A) To recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater.
>
> (B) Injunctive or declaratory relief.
>
> (C) Any other relief the court deems proper.

Ms. Copans, whose personal medical information was disclosed consequent to unauthorized access to your networks, individually and on behalf of all other similarly situated, hereby requests full compensation of all lost funds related to breaches of your platform in 2023, for lost time dedicated to the investigation of and attempt to recover the loss of information and cure harm to their privacy, and for the need for future expenses and time dedicated to the recovery and protection of further loss. These sums must be paid in full within thirty (30) days from the date of this correspondence.

Pursuant to the CCPA, if, within thirty (30) days from your receipt of the date of this correspondence, you actually cure the violation noticed herein and provide the Ms. Copans, through my firm, with an express written statement that the violations have been cured and that no further violations shall occur, no action for individual statutory damages or class-wide statutory damages may be initiated against you.

We solicit your prompt attention to this matter and thank you in advance for your anticipated cooperation.

Sincerely,

Kevin M. Osborne

# Exhibit 2

ERICKSON KRAMER + OSBORNE

Mailing address: 44 Tehama St.
San Francisco, California 94105
Email: kevin@eko.law
Phone: 415-635-0631
Fax: 415-599-8088

November 9, 2023

***CERTIFIED MAIL***
***RETURN RECIEPT REQUIRED***

Sutter Health
2200 River Plaza Drive
Sacramento, CA 95833

*RE: Amanda Copans, Individually and on Behalf of all Others Similarly Situated*

To the above-listed recipient:

This letter shall constitute notice under California Civil Code section 1782 of the Consumers Legal Remedies Act ("CLRA") that Amanda Copans, individually and on behalf of all others similarly situated, demands that you remedy your violations of the CLRA within thirty (30) days from your receipt of this letter.

"All others similarly situated" is defined as follows:

All individuals whose personal information was released in the May 2023 Sutter Health data breach.

It is the contention of Ms. Copans and all others similarly situated that you violated certain applicable rules, laws and regulations in Civil Code section 1770. As the direct result of your unfair, unlawful and fraudulent business practices, Ms. Copans and all others similarly situated suffered actual pecuniary harm in the form of out-of-pocket expenses, including but not limited to lost time dedicated to the investigation of and attempt to recover the loss of their personal medical information and cure harm to their privacy, and the need for future expenses and time dedicated to the recovery and protection of further loss. Your fraudulent representations, concealments, and failures to disclose concerning the nature and quality of your data protection services constitute violations of the CLRA, which states in pertinent part that it is a deceptive act or practice to engage in the following:

(a)(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;
(a)(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

Cal. Civ. Code, § 1770.

The specific misrepresentations at issue are as follows:

> Protecting your information is a top priority at Sutter. In addition to applying confidentiality policies that govern access and use of information by Sutter clinicians and staff, we have implemented physical, administrative, and technical security features and methods designed to safeguard your data in our information systems, including the use of, as appropriate, encryption, firewalls, monitoring, access controls, and other controls where appropriate. … If we ever learn of a breach of your information, then we will notify you in accordance with applicable law.
> …
> Federal and state laws require Sutter Health to protect your health information.
> …
> We are required by law to maintain the privacy and security of your protected health information.
> …
> We will let you know promptly if a breach occurs that may have compromised the privacy or security of your information.

Ms. Copans, whose personal medical information was disclosed consequent to unauthorized use your networks, individually and on behalf of all other similarly situated, hereby requests full compensation of all lost funds related to breaches of your platform in 2023, for lost time dedicated to the investigation of and attempt to recover the loss of information and cure harm to her privacy, and for the need for future expenses and time dedicated to the recovery and protection of further loss. These sums must be paid in full within thirty (30) days from the date of this correspondence.

Please be advised that your failure to comply with this request within thirty (30) days from the writing of this correspondence may subject you to the following remedies, which are available, for violation of the Consumers Legal Remedies Act:

1. The actual damages suffered;
2. An order enjoining you from such methods, acts or practices;
3. Restitution to Ms. Copans and all others similarly situated;
4. Any other relief the Court deems proper; and
5. Attorney fees.

We solicit your prompt attention to this matter and thank you in advance for your anticipated cooperation.

Sincerely,

Kevin M. Osborne

ERICKSON KRAMER + OSBORNE

Mailing address: 44 Tehama St.
San Francisco, California 94105
Email: kevin@eko.law
Phone: 415-635-0631
Fax: 415-599-8088

November 9, 2023

***CERTIFIED MAIL***
***RETURN RECIEPT REQUIRED***

WellTok, Inc.
3001 Brighton Blvd, Suite 743
Denver, Co 80216

*RE: Amanda Copans, Individually and on Behalf of all Others Similarly Situated*

To the above-listed recipient:

This letter shall constitute notice under California Civil Code section 1782 of the Consumers Legal Remedies Act ("CLRA") that Amanda Copans, individually and on behalf of all others similarly situated, demands that you remedy your violations of the CLRA within thirty (30) days from your receipt of this letter.

"All others similarly situated" is defined as follows:

> All individuals whose personal information was released in the May 2023 Sutter Health data breach.

It is the contention of Ms. Copans and all others similarly situated that you violated certain applicable rules, laws and regulations in Civil Code section 1770. As the direct result of your unfair, unlawful and fraudulent business practices, Ms. Copans and all others similarly situated suffered actual pecuniary harm in the form of out-of-pocket expenses, including but not limited to lost time dedicated to the investigation of and attempt to recover the loss of their personal medical information and cure harm to their privacy, and the need for future expenses and time dedicated to the recovery and protection of further loss. Your fraudulent representations, concealments, and failures to disclose concerning the nature and quality of your data protection services constitute violations of the CLRA, which states in pertinent part that it is a deceptive act or practice to engage in the following:

> (a)(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;
> (a)(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

Cal. Civ. Code, § 1770.

The specific misrepresentations at issue are as follows:

> Protecting your information is a top priority at Sutter. In addition to applying confidentiality policies that govern access and use of information by Sutter clinicians and staff, we have implemented physical, administrative, and technical security features and methods designed to safeguard your data in our information systems, including the use of, as appropriate, encryption, firewalls, monitoring, access controls, and other controls where appropriate. … If we ever learn of a breach of your information, then we will notify you in accordance with applicable law.
> …
> Federal and state laws require Sutter Health to protect your health information.
> …
> We are required by law to maintain the privacy and security of your protected health information.
> …
> We will let you know promptly if a breach occurs that may have compromised the privacy or security of your information.

Ms. Copans, whose personal medical information was disclosed consequent to unauthorized use your networks, individually and on behalf of all other similarly situated, hereby requests full compensation of all lost funds related to breaches of your platform in 2023, for lost time dedicated to the investigation of and attempt to recover the loss of information and cure harm to her privacy, and for the need for future expenses and time dedicated to the recovery and protection of further loss. These sums must be paid in full within thirty (30) days from the date of this correspondence.

Please be advised that your failure to comply with this request within thirty (30) days from the writing of this correspondence may subject you to the following remedies, which are available, for violation of the Consumers Legal Remedies Act:

1. The actual damages suffered;
2. An order enjoining you from such methods, acts or practices;
3. Restitution to Ms. Copans and all others similarly situated;
4. Any other relief the Court deems proper; and
5. Attorney fees.

We solicit your prompt attention to this matter and thank you in advance for your anticipated cooperation.

Sincerely,

Kevin M. Osborne